IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JUDICIAL WATCH, INC.,<br>425 Third Street SW, Suite 800<br>Washington, DC 20024,<br><br>    Plaintiff,<br><br>v.<br><br>OFFICE OF THE DIRECTOR OF<br>NATIONAL INTELLIGENCE,<br>Washington, DC 20511,<br><br>    Defendant. | )<br>)<br>)<br>)<br>)<br>)     Civil Action No.<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## COMPLAINT

Plaintiff Judicial Watch, Inc. brings this action against Defendant U.S. Department of Defense to compel compliance with the Freedom of Information Act, 5 U.S.C. § 552. As grounds therefor, Plaintiff alleges as follows:

## JURISDICTION AND VENUE

1. The Court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1331.

2. Venue is proper in this district pursuant to 28 U.S.C. § 1391(e).

## PARTIES

3. Plaintiff Judicial Watch, Inc. is a not-for-profit, educational organization incorporated under the laws of the District of Columbia and headquartered at 425 Third Street SW, Suite 800, Washington, DC 20024. Plaintiff seeks to promote transparency, accountability, and integrity in government and fidelity to the rule of law. As part of its mission, Plaintiff regularly requests records from federal agencies pursuant to FOIA. Plaintiff analyzes the

responses and disseminates its findings and the requested records to the American public to inform them about "what their government is up to."

4. Defendant, Office of the Director of National Intelligence ("ODNI"), is an agency of the United States government and is headquartered in Washington, DC 20511. ODNI has possession, custody, and control of records to which Plaintiff seeks access.

## STATEMENT OF FACTS

5. On April 23, 2025, Plaintiff submitted a FOIA request to Defendant, seeking access to the following public records:

> 1. All reports, memoranda, assessments, intelligence products, or similar records regarding Mr. Michael Caputo. This request includes, but is not limited to, any such records pertaining to Mr. Caputo's book, The Ukraine Hoax, or the documentary film of the same name, which is implicitly referenced on page three of the March 10, 2021 ODNI report "Foreign Threats to the 2020 US Federal Elections."
>
> 2. All records of communication between any official or employee of the Office of the Director of National Intelligence and any official or employee of any other branch, department, agency, or office of the Federal government regarding or mentioning Mr. Michael Caputo.

The request identified Mr. Caputo as "a former Assistant Secretary of Health and Human Services and Senior Advisor to the 2024 campaign of President Trump" and noted that he "presently serves as Special Assistant to the United States Attorney for the District of Columbia." The request also included a Form DOJ-361 certification of identity signed by Mr. Caputo. The timeframe of the request was identified as "January 1, 2014, to present."

6. By letter dated May 20, 2025, Defendant acknowledged receiving Plaintiff's request on April 23, 2025 and advised Plaintiff that the request had been assigned tracking number DF- 2025-00368.

7.      As of the date of this Complaint, Defendant has failed to: (i) determine whether to comply with the request; (ii) notify Plaintiff of any such determination or the reasons therefor; (iii) advise Plaintiff of the right to appeal any adverse determination; or (iv) produce the requested records or otherwise demonstrate that the requested records are exempt from production.

## COUNT I
### (Violation of FOIA, 5 U.S.C. § 552)

8.      Plaintiff realleges paragraphs 1 through 7 as if fully stated herein.

9.      Defendant is in violation of FOIA.

10.     Plaintiff is being irreparably harmed by Defendant's violation of FOIA, and Plaintiff will continue to be irreparably harmed unless Defendant is compelled to comply with it.

11.     To trigger FOIA's administrative exhaustion requirement, Defendant was required to make a final determination on Plaintiff's request by May 21, 2025, at the latest. Because Defendant failed to make a final determination within the time limits set by FOIA, Plaintiff is deemed to have exhausted its administrative appeal remedies.

WHEREFORE, Plaintiff respectfully requests that the Court: (1) order Defendant to conduct searches for any and all records responsive to Plaintiff's FOIA request and demonstrate that it employed search methods reasonably likely to lead to the discovery of records responsive to Plaintiff's FOIA request; (2) order Defendant to produce, by a date certain, any and all non-exempt records responsive to Plaintiff's FOIA request and *Vaughn* indices of any responsive records withheld under claim of exemption; (3) enjoin Defendant from continuing to withhold any and all non-exempt records responsive to Plaintiff's FOIA request; (4) grant Plaintiff an award of attorneys' fees and other litigation costs reasonably incurred in this action pursuant to 5

U.S.C. § 552(a)(4)(E); and (5) grant Plaintiff such other relief as the Court deems just and proper.

Dated: July 30, 2025

Respectfully submitted,

*/s/ Christina Bobb*
Cristina Bobb
D.C. Bar No. 90021326
JUDICIAL WATCH, INC.
425 Third Street SW, Suite 800
Washington, DC 20024
Tel:    (202) 646-5172
Email: cbobb@judicialwatch.org

*Counsel for Plaintiff*